IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES E. TURNER, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-20-2328 |
| OMAR P. HARMON, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

In this suit, Plaintiff James E. Turner, the sole shareholder of Pattikake Corporation ("Pattikake"), brought negligence claims against Defendant Omar P. Harmon, II, who allegedly drove a forklift into Turner's ankle at a loading dock, and H&M Bay, Inc. ("H&M"), Harmon's employer. (Compl., ECF No. 1.) Now pending before the Court is a Motion for Leave to File a Third Party Complaint against Pattikake filed by Harmon and H&M (collectively, "Defendants"). (Mot. File, ECF No. 14.) Defendants allege that Pattikake, by not providing Turner with proper workers' compensation or training, is liable for at least part of the negligence claims that Turner brought against Defendants. (*See* ECF Nos. 14-1, 14-4.) Defendants' motion is fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Court GRANTS Defendants' Motion for Leave to File a Third Party Complaint.

### I.   *Factual and Procedural Background*

In 2017, Turner, a Louisiana-based "independent truck driver," allegedly contracted with Maryland-based H&M to transport goods on his truck. (Compl. ¶¶ 1–7.) On December 2, 2017, while Turner was loading goods onto his truck at H&M's loading dock, he was allegedly struck by a forklift driven by Harmon. (*Id.* ¶¶ 9–12.) According to Defendants, at the time of the incident,

1

Turner was loading a "truck owned by Pattikake Corporation, pursuant to a Broker Carrier Agreement between Pattikake and H&M Bay." (Mot. File at ¶ 3.)

Turner alleges that this incident resulted from Harmon's negligence, which consisted of, *inter alia*, Harmon's alleged failure to "look in the direction of travel while operating the forklift," to "maintain a safe distance from pedestrians while operating the forklift," and to warn Turner "that he was advancing the forklift in [Turner's] direction." (Compl. ¶¶ 15–18.) Further, Turner alleges that H&M was vicariously liable for Harmon's alleged negligence because, "[o]n the date and time of the collision, Defendant Harmon was acting within the course and scope of his employment with H&M Bay, Inc." (*Id.* ¶ 20.) Turner alleges that H&M was also negligent *per se* for "fail[ing] to ensure Defendant Harmon was competent to operate the forklift." (*Id.* ¶ 21.)

After Turner filed his complaint, Defendants submitted an Answer, and discovery began on September 18, 2020. (*See* ECF Nos. 5, 10.) Defendants submitted the present Motion for Leave to File a Third Party Complaint on January 19, 2021, on the Court-issued deadline for moving for joinder of additional parties. (*See* ECF No. 10 at 2.) The Court has since extended the discovery deadline from April 19, 2021 to July 2, 2021. (*See* ECF No. 17.)

Attached to the present motion is Defendants' Third Party Complaint against Pattikake. (Third Party Compl., ECF No. 14-4.) In their Third Party Complaint, Defendants allege that Pattikake breached the Broker Carrier Agreement executed by Pattikake and H&M, in which "Pattikake agreed to provide adequate Worker's Compensation coverage" for its employees and "comply with all federal statutes governing motor carriers." (*Id.* ¶¶ 6, 9.) Pattikake allegedly breached that contract by failing to provide adequate workers' compensation and training to Turner. (*Id.* ¶ 9.) Additionally, Defendants seek to bring a negligence claim against Pattikake for its alleged failure to train Turner in the necessary "safety procedures for truck loading, operation

2

of a pallet jack, and/or regarding safe working practices in general." (*Id.* ¶ 12.) Defendants seek "indemnity and/or contribution" from Pattikake in the event that this Court finds Defendants liable to Turner. (*Id.* ¶ 9.)

## II. Legal Standard

Under Federal Rule of Civil Procedure 14(a)(1), a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." When, as here, a defendant "files the third-party complaint more than 14 days after serving its original answer," the defendant must receive the court's leave to do so. Fed. R. Civ. P. 14(a)(1). District courts have broad discretion over motions for leave to file a third-party complaint, which is also called "impleader." *See Noland Co. v. Graver Tank & Mfg. Co.*, 301 F.2d 43, 50 (4th Cir. 1962). Courts regularly exercise this discretion by granting motions for impleader because courts have "a strong interest in promoting efficiency by trying related claims together[.]" *Boughter v. Bay Shore Dev. Corp.*, Civ. No. WMN-08-0424, 2009 WL 10682156, at *1 (D. Md. Feb. 11, 2009); *see also Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D. Va. 2003) ("Impleader will be liberally allowed, if it will prevent duplication of suits based on closely related matters."). Accordingly, a "motion for leave to file a third party complaint should be granted unless undue delay or complication of the trial would result." *Trs. of Local 24 Pension v. Gamble Insulation Co.*, Civ. No. WDQ-04-0291, 2005 WL 8174498, at *1 (D. Md. Aug. 23, 2005).

In addition to preventing undue delays or complications, courts may deny impleader when it would "prejudice the non-movant and third-party defendant" or "introduce unrelated issues," or when a "third-party complaint is obviously unmeritorious." *JFJ Toys, Inc. v. Toys "R" Us-Delaware, Inc.*, Civ. No. DKC-13-0793, 2014 WL 1255859, at *7 (D. Md. Mar. 25, 2014) (internal citations and quotation marks omitted). Additionally, "impleader is proper 'only when a right to

3

relief exists under the applicable substantive law.'" *Id.* at *2 (quoting 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1446 (3d ed. 2010)). When a plaintiff opposing impleader argues that a defendant fails to state a claim against a third-party defendant under substantive Maryland law, however, the District of Maryland has nonetheless permitted impleader, noting that the third-party defendant could use a Rule 12(b)(6) motion to dismiss as a vehicle for challenging a defendant's failure to state a substantive claim in its third-party complaint. *See JFJ Toys*, 2014 WL 1255859, at *7 (citing *Certain Underwriters at Lloyd's, London v. R.J. Wilson & Assocs., Ltd.*, Civ. No. CCB-11-1809, 2012 WL 2945489, at *4 n.4 (D. Md. July 17, 2012)).

### *III. Analysis*

In the case at hand, granting Defendants' motion for impleader will not cause undue delay, complication, or prejudice. The parties are still engaged in discovery, and Defendants filed their motion by the deadline set forth in this Court's Scheduling Order (ECF No. 10). *See Cady v. Ride-Away Handicap Equip. Corp.*, Civ. No. RWT-12-2667, 2014 WL 4406885, at *3–*4 (D. Md. Sept. 5, 2014) (granting impleader even though it was sought a year after the deadline imposed in a scheduling order "in the interests of judicial economy," and despite the fact that "some additional discovery may be required" due to the addition of a third-party defendant). Because both the Complaint and Third Party Complaint bring negligence claims related to the same December 2, 2017 incident, the additional discovery that might occur as a result of adding Pattikake as a party will likely overlap with the discovery that is already occurring in this case. This potential overlap in the contents of discovery both reduces the complication and increases the efficiency of granting Defendants' motion. Moreover, because Turner is the sole shareholder of Pattikake, Pattikake "has had notice of its potential liability from the beginning of this litigation," so "any prejudice of which it [may] complain" would be "partially of its own choosing." *See Boughter*, 2009 WL

4

10682156, at *2 (granting impleader, in part because it would not prejudice the third-party defendant).

Further, impleader is proper here because Defendants theoretically have a right to relief under Maryland law. In other words, there is no reason to conclude that Pattikake cannot be liable to Defendants for any part of the claims against them. *See* Fed. R. Civ. P. 14(a)(1). Turner argues that impleader is improper because, *inter alia*, under Louisiana law, receiving workers' compensation would not affect Turner's ability to recover against a third party, and "Pattikake Corp. would have immunity from suit by Turner on a tort theory." (ECF No. 15 at 2–4.) Turner's arguments do not establish that Defendants' breach of contract or negligence claims cannot be brought in this Court as a matter of law. *See JFJ Toys*, 2014 WL 1255859, at *7 (granting impleader when, [a]lthough Plaintiffs have posited other reasons for rejecting [Defendant's] breach of contract claims, they have not argued that the breach of contract claims would be barred under Maryland law"). Turner essentially argues that, in the event that Louisiana law does apply to this suit, Defendants have failed to state a breach of contract and/or negligence claim against Pattikake. This argument will not defeat impleader, but may be brought by Pattikake in a motion to dismiss after Pattikake has been joined as a third-party defendant. *See JFJ Toys*, 2014 WL 1255859, at *7; *Certain Underwriters*, 2012 WL 2945489, at *4 n.4.

Because adding Pattikake as a third-party defendant in this case is efficient, non-prejudicial, and permissible, the Court will grant Defendants' motion for impleader.

### *IV.* *Conclusion*

For the foregoing reasons, Defendants' Motion for Leave to File a Third Party Complaint (ECF No. 14) is hereby GRANTED.

5

DATED this 30 day of March, 2021.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge